NOTE:  This disposition is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

---

**JOSE A. ROSALES,**
*Petitioner*

**v.**

**DEPARTMENT OF HOMELAND SECURITY,**
*Respondent*

---

2024-1665

---

Petition for review of the Merit Systems Protection Board in No. SF-0752-17-0615-I-1.

---

Decided:  February 19, 2025

---

JOSE A. ROSALES, Rialto, CA, pro se.

PATRICK ANGULO, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent.  Also represented by BRIAN M. BOYNTON, ELIZABETH MARIE HOSFORD, PATRICIA M. MCCARTHY.

---

Before CHEN, SCHALL, and STOLL, *Circuit Judges.*

PER CURIAM.

The United States Department of Homeland Security (DHS) removed Jose Rosales, the petitioner, from his position as a United States Customs and Border Protection (CBP) Officer. Mr. Rosales appealed his removal to the Merit Systems Protection Board (Board), which affirmed in an initial decision. *See Rosales v. DHS*, No. SF-0752-17-0615-I-1, 2018 WL 1146166 (M.S.P.B. Mar. 2, 2018) (Appx. 8–39)[1] (*Decision*)[2]. The full Board denied Mr. Rosales's petition for review, thereby making the administrative judge's initial decision the final decision of the Board. *See Rosales v. DHS*, No. SF-0752-17-0615-I-1, 2024 WL 510904, at *1 (M.S.P.B. Feb. 8, 2024) (Appx. 1–7); 5 C.F.R. § 1201.113(b). Mr. Rosales now petitions for our review of the Board's final decision. For the following reasons, we *affirm*.

## BACKGROUND

Mr. Rosales served in the U.S. Marine Corps from July 2007 to March 2015. During that time period, Mr. Rosales had reserve duty obligations with a unit stationed at Camp Pendleton, California. He was employed as a Border Patrol Agent from 2011 to 2014, and then as a CBP Officer from 2014 until his removal.

While Mr. Rosales served as a Border Patrol Agent, a Supervisory Border Patrol Agent reported his suspicions that Mr. Rosales was misusing military leave. The Supervisory Border Patrol Agent also reported concerns about the authenticity of a document used by Mr. Rosales to support his military leave. The Immigration and Customs

---

[1]    "Appx." refers to the appendix filed with the government's informal brief.

[2]    Because the electronic version of the decision lacks page designations, we employ the pagination used in the decision at Appx. 8–39.

Enforcement Office of Professional Responsibility (OPR) initiated an investigation and ultimately issued a final report. The CBP's Disciplinary Review Board, in response to OPR's final report, proposed removal based on five charges: (1) lack of candor, (2) failure to provide accurate information, (3) conduct unbecoming, (4) misuse of a government computer, and (5) falsification. *Decision* at 4. DHS sustained all five charges and removed Mr. Rosales from federal service.

Mr. Rosales appealed his removal to the Board, which affirmed. *Id.* at 2. The full Board denied Mr. Rosales's petition for review, and Mr. Rosales now petitions for our review of the Board's final decision. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

We must affirm the Board's decision unless we find that it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). We review the Board's determinations of law without deference and the Board's findings of fact for substantial evidence. *Brenner v. Dep't of Veterans Affs.*, 990 F.3d 1313, 1322 (Fed. Cir. 2021).

Mr. Rosales's arguments focus on the lack of candor charge, the falsification charge, and the severity of DHS's penalty, i.e., removal.

## I

We begin with Mr. Rosales's lack of candor charge. To prove a lack of candor, DHS must show that (1) the employee gave incorrect or incomplete information, and (2) that he or she did so knowingly. *Ludlum v. Dep't of Justice*, 278 F.3d 1280, 1284, 1285–86 (Fed. Cir. 2002). DHS's lack of candor charge stems from Mr. Rosales's alleged improper use of military leave and various alleged

misrepresentations made relating to that leave. *Decision* at 7. The Board sustained five distinct specifications of Mr. Rosales's lack of candor. *Id.* at 13.

In the second specification, DHS charged Mr. Rosales with making untruthful statements in an interview during the OPR investigation. *Id.* at 7. According to DHS, Mr. Rosales untruthfully claimed that his supervisor, Ms. Halcomb, "advised him that he was permitted to use military leave to travel to and from military drills, military functions, and military orders and 'for deployment pur-pose[s].'" *Id.* (citation omitted). Ms. Halcomb submitted a sworn and witnessed affidavit that contradicted Mr. Rosales's statement. As summarized by the Board, Ms. Halcomb testified in her affidavit that:

> [S]he instructed [Mr. Rosales] that (1) military leave was *only* to be used for actual military train-ing, (2) he was supposed to use his military leave for annual training, (3) he would have to use an-nual leave, days off, and leave without pay to get all of his required reserve time done throughout the year, and (4) he would need to adjust his days off schedule to coordinate with his drill weekends and save his military leave for annual training."

*Id.* at 8 (emphasis added).

Mr. Rosales challenges the Board's reliance on Ms. Halcomb's affidavit for this specification. He contends that the Board erred in finding Ms. Halcomb's affidavit "more credible than the actual in person testimony of [him-self]." Pet'r's Informal Br. 1. Credibility determinations, however, "are virtually unreviewable." *Hambsch v. Dep't of Treasury*, 796 F.2d 430, 436 (Fed. Cir. 1986). These de-terminations "will not be disturbed unless inherently im-probable, discredited by undisputed evidence, or contrary to physical facts." *Holmes v. U.S. Postal Serv.*, 987 F.3d 1042, 1047 (Fed. Cir. 2021) (citation omitted). The record here provides ample support for the Board's credibility

determinations. Ms. Halcomb's affidavit was witnessed by two OPR investigators. *Decision* at 7. Moreover, as the Board noted and Mr. Rosales does not challenge, Ms. Halcomb's explanation of military leave policies in her affidavit tracks the applicable agency policies. *Id.* at 8. In contrast, the record did not corroborate Mr. Rosales's testimony, and he was "extremely evasive" when answering questions about his military leave. *Id.* at 9. Nothing warrants upsetting the Board's credibility determinations.

Mr. Rosales next contends that, for the remaining specifications underpinning his lack of candor charge, the Board improperly shifted the burden of proof onto him. According to Mr. Rosales, the Board incorrectly required him to prove that he was authorized to take military leave, whereas DHS should bear the burden in proving that Mr. Rosales was dishonest in his reasons for seeking military leave.

We disagree with this characterization of the Board's decision—the Board never required Mr. Rosales to prove that he was authorized to take military leave. Rather, once the government presented evidence that Mr. Rosales was not scheduled for military reserve duty on the dates-in-question, yet he requested, and the agency approved, military leave, *see, e.g., id.* at 19, the burden shifted to Mr. Rosales to produce rebuttal evidence suggesting otherwise (i.e., evidence that he had a valid reason for using military leave). *See Schapansky v. Dep't of Transp.*, 735 F.2d 477, 482 (Fed. Cir. 1984) ("Once an agency has made a *prima facie* showing, the burden of going forward with evidence to rebut that showing necessarily shifts to the employee, who is in the best position to present explanatory evidence to counter that showing."). And in rebuttal, he offered only his "evasive" personal testimony, which the Board found unpersuasive. *Decision* at 9, 12–13.

## II

We next address Mr. Rosales's falsification charge.  To prove a charge of falsification, DHS must prove that Mr. Rosales (1) made an affirmative misrepresentation and (2) intended to deceive the agency.  *Ludlum*, 278 F.3d at 1284.    DHS's falsification charge stems from Mr. Rosales's alteration  or fabrication of military orders to support his use of military leave.  *Decision* at 19.

Mr. Rosales faults the Board for not giving enough weight to Mr. Rosales's witness, Mr. Williams.  Mr. Williams's testimony explained that reservists were given a template order in support of military leave, which reservists could modify to reflect their drill dates.  *Id.* at 20.  Yet Mr. Williams's testimony said nothing about whether Mr. Rosales could modify the order to include dates that he "was *not* in fact drilling."  *Id.* (emphasis added).

Mr. Rosales next faults the Board for not considering his testimony that "he was scheduled for [reservist training] that weekend" but was told to return home after arriving at Camp Pendleton.  Pet'r's Informal Br. 6–7.  Yet the Board did consider this testimony.  *See Decision* at 19–20.  It nevertheless declined to credit it because 2013 records from the Marine Corps showed that Mr. Rosales had no scheduled reserve duty, and Mr. Rosales provided no credible evidence supporting his testimony.

## III

Mr. Rosales also challenges the penalty of removal.  The Board "has the authority to mitigate an agency-imposed penalty when it is clearly excessive with respect to the sustained charges."  *Hayes v. Dep't of the Navy*, 727 F.2d 1535, 1540 (Fed. Cir. 1984).  "Unless the penalty is totally unwarranted or grossly disproportionate to the misconduct, we will not overturn it."  *Mazares v. Dep't of the Navy*, 302 F.3d 1382, 1386 (Fed. Cir. 2002).

Mr. Rosales's challenge centers on alleged comparator employees supposedly receiving less severe penalties. *See* Pet'r's Informal Br. 5, 8. But these other employees faced not only different charges but also fewer specifications supporting each charge. *See Decision* at 24. In light of these differences, we find Mr. Rosales's argument unpersuasive.

## CONCLUSION

We have considered Mr. Rosales's remaining arguments and find them unpersuasive. We therefore *affirm*.

## **AFFIRMED**

## COSTS

No costs.